UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MATTHEW ANDREW GARCES, § § Plaintiff, § § v. § ANDY ROSSBACH, ROSSBACH § CONSTRUCTION, and 523 RE LLC, § § Defendants. § | SA-25-CV-441-JKP (HJB) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

Before the Court is the status of the above case, which was automatically referred to the undersigned for disposition of the application to proceed *in forma pauperis* ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's October 8, 2019, Standing Order.  (*See* Text Entry dated April 22, 2025.)   For the reasons below, I recommend that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).  I further recommend that Plaintiff be declared a vexatious litigant, and that he be enjoined henceforth from filing any new lawsuits in the San Antonio Division of the Western District of Texas without first obtaining leave of Court.

**I.        Recommendation of Dismissal Under § 1915(e).**

In IFP cases, § 1915(e) requires that the court "dismiss the case at any time" if it determines that it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).   The Court is "vested with especially broad discretion" in making this determination.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).  To state a claim upon which relief may be granted, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible only

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must also plainly show the basis for the Court's jurisdiction, because federal courts have "limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* FED. R. CIV. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

Complaints filed by *pro se* litigants are entitled to a liberal construction and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). But even under these lenient standards, a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

In his original *pro se* complaint (one of at least 14 *pro se* lawsuits Plaintiff has filed this year alone[1]), Plaintiff purported to assert two federal claims against the property manager at his apartment: (1) discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604; and (2) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182. (Docket Entry

---

[1] *See Garces v. Hernandez, et al.,* SA-25-CV-81-JKP; *Garces v. Hernandez*, SA-25-CV-82-FB; *Garces v. City of San Antonio, et al.,* SA-25-CV-127-FB; *Garces v. Garland, et al.*, SA-25-CV-128-FB; *Garces v. Mohammed*, SA-25-CV-141-JKP (ESC); *Garces v. U.S. Dep't of Justice, et al.*, SA-25-CV-252-FB; *Garces v. United Health Care, et al.,* SA-25-CV-256-FB (RBF); *Garces v. Hernandez*, SA-25-CV-312-XR; *Garces v. Ruiz, et al.*, SA-25-CV-339-JKP (HJB); *Garces v. San Antonio Police Dep't.*, SA-25-CV-388-FB (HJB); *Garces v. Contreras et al.*, SA-25-CV-539-OLG (ESC); *Garces v. Doe et al.*, SA-25-CV-578-FB (RBF); *Garces v. Bisignano*, 25-CV-579-XR (HJB). There are now more than 14 cases, as Plaintiff continues to file new lawsuits almost daily.

1-1, at 4–5.) As the undersigned previously explained in a Show Cause Order (Docket Entry 5), Plaintiff's complaint did not state a claim under either statute.[2] Claims under the FHA and ADA are subject to similar standards. *Providence Behavioral Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 455 n.2 (5th Cir. 2018); *Bowman v. Bella Estancias, LLC*, No. 3:17-CV-0091-KC, 2018 WL 1115202, at *5 n.4 (W.D. Tex. Feb. 15, 2018) (collecting circuit court opinions evaluating FHA and ADA claims together). Both statutes prohibit discrimination based on an impairment that substantially limits a major life activity—what the ADA refers to as a "disability" and the FHA refers to as a "handicap." *See* 42 U.S.C. § 12102; 42 U.S.C. § 3602(h); *Bowman*, 2018 WL 1115202, at *5 ("The definition of disability under the ADA is functionally identical to the definition of 'handicap' under the FHA.").

Among other deficiencies, the Show Cause Order noted that Plaintiff had not sufficiently alleged that Defendants discriminated against him based on a disability. (Docket Entry 5, at 3–4.) To prevail in a discrimination case under a reasonable accommodation theory, a plaintiff must establish both that he requested an accommodation in "direct and specific terms" and that the defendant knew of the disability and of its consequential limitations. *See Windham v. Harris County*, 875 F.3d 229, 236–37 (5th Cir. 2017) (quotations omitted) (interpreting Title II of the ADA, which applies to governmental entities); *Chavez v. Aber*, 122 F. Supp. 3d 581, 595 (W.D. Tex. 2015) (confirming a defendant cannot be liable under the FHA unless he knew or should have known of the plaintiff's disability). The law does "not require clairvoyance" as to the plaintiff's needs. *Windham*, 875 F.3d at 236–37 (quotations omitted). In his original complaint, Plaintiff

---

[2] Plaintiff also raised state-law claims, invoking the Court's pendent jurisdiction under 28 U.S.C. § 1367(a). (*Id.* at 5.) But if his federal claims are dismissed, his pendent state claims would normally be likewise subject to dismissal. *See* 28 U.S.C. § 1367(c)(3) (authorizing dismissal of state claims); *Alphonse v. Arch Bay Hldgs., L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) ("As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").

discussed repairs he wanted Defendants to make, but he did not allege facts showing that that they knew of his purported disability or otherwise failed to make repairs in a discriminatory fashion.

As a *pro se* litigant, Plaintiff was entitled to an opportunity to amend his complaint in order to state a claim for relief. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989). Accordingly, the undersigned required that Plaintiff show cause why his case should not be dismissed by filing an amended complaint stating a plausible, non-frivolous claim for relief. (Docket Entry 5.) Plaintiff was specifically admonished that failure to file the amended complaint as ordered and thereby cure the deficiencies identified in his original complaint could result in dismissal without further opportunities to amend. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) ("[L]eave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'") (citation omitted); *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. Aug. 26, 2008) ("[A] plaintiff asserts [his] best case after the plaintiff is 'apprised of the insufficiency' of the complaint.") (citation omitted).

In response to the Show Cause Order, Plaintiff has filed an amended complaint with 56 pages of attachments, as well as a separate submission of exhibits and evidence in support of the complaint. (Docket Entries 9 and 11.) However, neither the six-page complaint, nor the attachments, nor the other exhibits and evidence present any facts showing that Defendants knew of Plaintiff's purported disability and, despite this knowledge, failed to make appropriate accommodations. The most that Plaintiff alleges are the conclusory statements that Defendants "discriminated against Plaintiff" and acted with "reckless indifference to federally protected rights." (Docket Enry 9, at 4.) Such conclusory statements are insufficient. *Iqbal*, 556 U.S. at 678. As Plaintiff has now had the opportunity to plead his "best case," his insufficient complaint is subject to dismissal without further leave to amend. *Brewster*, 587 F.3d at 767–68.

4

Based on the foregoing, I recommend that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

## II.     Vexatious Litigant Recommendation.

In light of Plaintiff's recent pattern of abusing the Court with frivolous litigation, the undersigned further recommends that Plaintiff be declared a vexatious litigant, and that he be enjoined from filing new lawsuits without prior authorization.

Federal courts "have the inherent authority to take steps to protect the integrity of the court from vexatious litigants." *Alanis v. Wells Fargo Bank, N.A.*, No. SA-21-CV-01261-JKP, 2022 WL 488152, at *1 (W.D. Tex. Feb. 17, 2022). "An appropriate exercise of a court's inherent powers is to issue pre-filing injunctions against vexatious litigants." *Id.* (citing *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008)). Such injunctions are "appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims." *Alanis*, 2022 WL 488152, at *1 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993)). Although they are typically entitled to more lenient treatment, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Alanis*, 2022 WL 488152, at *1 (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). In determining whether to impose a pre-filing injunction, the Court must weigh all the relevant circumstances, including (1) the party's history of filing vexatious, harassing, or duplicative lawsuits; (2) whether such litigiousness was in good faith or simply to harass; (3) the burden to the court or other parties; and (4) the adequacy of alternative sanctions. *Baum*, 513 F.3d at 189.

In this case, all four factors weigh in favor of imposing a pre-filing injunction. Plaintiff has a history of filing numerous vexatious and frivolous lawsuits in the San Antonio Division. *See supra* n.1. Setting aside those filed within the last three weeks, more than half of his lawsuits

have been dismissed or recommended for dismissal. It is also clear that his litigiousness is intended as harassment, not only because of the rate and speed with which his multiplicative lawsuits are dismissed, but in light of his treatment of court staff. Indeed, just a few days ago the presiding judge in the San Antonio Division issued a cease and desist order against Plaintiff, after he "created havoc in the District Clerk's Office." (*See, e.g.*, Docket Entry 12.) Third, Plaintiff's numerous complaints and other filings have placed a burden on the Court's limited judicial resources, as they are "clog[ging] the judicial machinery with meritless litigation." *Alanis*, 2022 WL 488152, at *1 (quoting *Farguson*, 808 F.2d at 359).

Finally, it is doubtful that alternative sanctions—monetary fines, say—would adequately deter Plaintiff from continuing to abuse the Court's already overloaded dockets. In each of the cases filed in this Division this year, Plaintiff has sought permission to proceed IFP; the Court has granted the requests it has so far considered, thus establishing Plaintiff's indigency. Indeed, in this case, Plaintiff has asserted that he has debts totaling more than $140,000. (Docket Entry 1, at 2.) In such circumstances, Plaintiff is effectively "judgment proof," and a fine would do no more than add a small amount to his mounting debts without deterring future filings.

"In punishing abusive or harassing misbehavior, a court should impose no more than the minimal sanctions necessary to correct the offending conduct, and the imposition of sanctions must not result in total, or even significant, preclusion of access to the courts." *Alanis*, 2022 WL 488152, at *1 (quoting *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002)). Accordingly, any pre-filing injunction imposed on Plaintiff "must be narrowly tailored to protect the courts and innocent parties," while preserving his right to access the courts and pursue meritorious claims. *Alanis*, 2022 WL 488152, at *1 (quoting *Farguson*, 808 F.2d at 360). With this balance in mind, the undersigned recommends that Plaintiff be enjoined "from filing any civil lawsuit in [the San Antonio Division of] the Western District of Texas without first obtaining

permission from a judge of [the San Antonio Division of] the Western District of Texas." *Alanis*, 2022 WL 488152, at *3 (citing *Walters v. Tenant Background Search*, No. 1:16-CV-1092-DAE-AWA, 2019 WL 4849204, at *4–6 (W.D. Tex. Sept. 30, 2019)).[3]

### III.   Notice of Right to Object

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown &*

---

[3] While plaintiffs are entitled to notice and an opportunity to respond before the Court may impose a pre-filing injunction, *Baum*, 513 F.3d at 189, a report and recommendation is sufficient notice when it articulates the basis for the sanction and informs the plaintiff of his right to make objections, *Walker v. Hunt*, No. 1:19-CV-246-LG-RPM, 2022 WL 16921823, at *4 (S.D. Miss. Nov. 14, 2022); *see Martzall v. Select Portfolio Serv., Inc.*, No. SA-23-CV-10-OLG-HJB, 2023 WL 9426132, at *8 (W.D. Tex. Dec. 12, 2023), *report and recommendation adopted*, No. SA-23-CV-10-OLG, 2024 WL 332938 (W.D. Tex. Jan. 25, 2024).

*Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on June 4, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge