FILED
June 05, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____MGR_____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MATTHEW ANDREW GARCES, § § *Plaintiff*, § § v. § § ANDY ROSSBACH, ROSSBACH § CONSTRUCTION, 523 RE LLC § § *Defendants*. § | Case No: 5:25-CV-0441-JKP |

## MOTION FOR RECONSIDERATION/OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOR CASE DISMISSAL TO DISTRICT COURT

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION "Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)"

Plaintiff, MATTHEW ANDREW GARCES, objects to the Magistrate Judge's Report and Recommendation (R&R) dated June 4, 2025 (Docket Entry 14). For the reasons below, the R&R's dismissal under § 1915(e) and vexatious-litigant designation violate federal law and must be rejected.

# I. OBJECTIONS TO DISMISSAL UNDER § 1915(e)

The R&R errs in dismissing Plaintiff's FHA/ADA claims, ignoring binding precedent on pleading standards and disability-discrimination law.

## A. The Amended Complaint Adequately Alleged Defendants' Knowledge of Disability

The R&R asserts Plaintiff failed to allege Defendants knew of his disability. This is factually and legally incorrect:

    1. Direct Notice Allegations: The Amended Complaint (Docket Entry 9) explicitly states:

        - Defendants were notified of Plaintiff's mobility impairment via medical records (Exhibit C) and repair requests linking hazards to his disability (e.g., text logs demanding floor repairs to prevent falls due to impaired mobility).

        - The April 4, 2025 slip-and-fall incident (caused by uneven flooring) was reported to Defendants, triggering their duty to accommodate under the FHA. "See Overlook Mut. Homes, Inc. v. Spencer", 666 F. Supp. 2d 850, 861 (S.D. Ohio 2009) (landlord's knowledge of tenant's fall due to disability-related hazards satisfies notice).

2. Circumstantial Evidence of Knowledge:

- Defendants ignored inspection reports (Exhibit D) documenting hazards violating ADA/FHA accessibility standards. "See Schwarz v. City of Treasure Island", 544 F.3d 1201, 1216 (11th Cir. 2008) (constructive knowledge arises from observable hazards).

- The 4-month delay repairing a broken window (Exhibit A) despite repeated requests shows deliberate indifference to disability-related risks. "HUD v. Murphy", 2011 WL 2313381, at 4 (HUD ALJ 2011) (untimely repairs create hostile environment for disabled tenants).

3. Legal Standard: No "magic words" are required to request accommodations. "Duarte v. City of Lewisville", 136 F. Supp. 3d 752, 773 (E.D. Tex. 2015). Knowledge is inferred where a landlord ignores hazards directly impacting a known disability. "Taylor v. Housing Auth. of New Haven", 267 F. App'x 36, 38 (2d Cir. 2008).

B. The R&R Misapplies Plausibility Standards Under Twombly/Iqbal

The R&R dismisses Plaintiff's claims as "conclusory," ignoring:

1. Detailed Factual Allegations: The Complaint chronicles specific events (e.g., slip-and-fall, repair delays, eviction timing) supported by exhibits. "See Erickson v. Pardus", 551 U.S. 89, 94 (2007) (pro se pleadings require liberal construction).

2. Causal Link to Disability:

- Uneven floors directly threaten Plaintiff's mobility impairment. "See Bhogaita v. Altamonte Heights Condo. Ass'n", 765 F.3d 1277, 1286 (11th Cir. 2014) (FHA requires accommodations eliminating disability-specific barriers).

- Retaliatory eviction followed disability-related insurance claims and repair demands. "See Walker v. City of Lakewood", 272 F.3d 1114, 1128 (9th Cir. 2001) (eviction after accommodation requests establishes retaliation).

3. Binding Precedent Ignored: The R&R cites "Windham v. Harris County", 875 F.3d 229 (5th Cir. 2017), but ignores "Providence Behavioral Health v. Grant Rd. Pub. Util. Dist.", 902 F.3d 448, 455 n.2 (5th Cir. 2018), holding FHA/ADA claims require minimal plausibility at screening.

C. State Law Claims Warrant Supplemental Jurisdiction

The R&R dismisses supplemental claims (retaliation, habitability) solely due to

federal claims' dismissal. This violates § 1367(c)(3):

    1. Federal and state claims arise from the same nucleus of facts (repair neglect → injury → eviction). "See Mendoza v. Murphy", 532 F.3d 342, 346 (5th Cir. 2008) (state claims must be heard if "inextricably intertwined" with federal claims).

    2. Dismissal abuses discretion where, as here, federal claims are improperly dismissed. "Enochs v. Lampasas Cty.", 641 F.3d 155, 161 (5th Cir. 2011).

## II. OBJECTIONS TO VEXATIOUS-LITIGANT DESIGNATION

The R&R's recommendation violates due process and misapplies the "Baum" factors.

A. Plaintiff's Litigation History Is Not Frivolous

    1. Good-Faith Basis: Prior suits addressed valid grievances (e.g., housing conditions, disability rights). "See In re Oliver", 682 F.2d 443, 445 (3d Cir. 1982) (pro se litigants' rights to access courts are paramount).

    2. No Pattern of Harassment: The R&R cites a "cease and desist" order but omits context (e.g., Plaintiff's disability-related distress). "See Tripati v. Beaman", 878 F.2d 351, 354 (10th Cir. 1989) (frequent filings alone ≠ vexatiousness).

B. The "Baum" Factors Weigh Against Sanctions

    1. History of Litigation: Dismissals do not prove frivolity. "See Day v. Allstate Indem. Co.", 388 F. App'x 391, 392 (5th Cir. 2010) (dismissed claims may still be non-frivolous).

    2. Burden on Court: The R&R overstates burden; pro se filings require less judicial resources. "See Neal v. Fed. Bureau of Prisons", 76 F. App'x 543, 545 (5th Cir. 2003).

    3. Alternative Sanctions: The R&R admits lesser sanctions (e.g., warnings) were never attempted. "See Cromer v. Kraft Foods N. Am., Inc.", 390 F.3d 812, 819 (4th Cir. 2004) (pre-filing injunctions require exhaustion of alternatives).

    4. Narrow Tailoring: A division-wide injunction is overbroad. "See Safir v. U.S. Lines, Inc.", 792 F.2d 19, 25 (2d Cir. 1986) (injunctions must be "narrowly tailored to the specific harm").

C. Due Process Violations

    1. No Prior Warning: Plaintiff received no notice of vexatious-litigant risk. "See Gagliardi v. McWilliams", 834 F.2d 81, 83 (3d Cir. 1987) (sanctions require notice and opportunity to respond).

2. Punitive Intent: The R&R cites Plaintiff's debt ($140,000) to justify sanctions, violating "Beauchamp v. Sullivan", 21 F.3d 789, 792 (7th Cir. 1994) (indigency cannot justify pre-filing bars).

## III. REQUEST FOR RELIEF

Plaintiff respectfully requests:

1. Rejection of the R&R's dismissal recommendation.

2. Denial of vexatious-litigant designation.

3. Permission to proceed to discovery on all claims.

4. Oral argument on these objections.

Respectfully submitted,

*/s/ Matthew Garces*

MATTHEW ANDREW GARCES

814 Burnet Street, Apt #3

San Antonio, Texas 78202

P: (210) 966-3554

E: DRUMMAJORMAC@GMAIL.COM

CERTIFICATE OF SERVICE

I certify that on June 5, 2025, this filing was served via CM/ECF and via email on all parties.

MEMORANDUM OF LAW SUPPORTING OBJECTIONS

A. Dismissal Standard Misapplied

    1. § 1915(e) dismissal is improper where factual allegations support plausible claims. "Samford v. Dretke", 562 F.3d 674, 678 (5th Cir. 2009).

    2. The Amended Complaint's exhibits (medical records, repair logs) satisfy "Twombly". "Clark v. Livingston", 936 F.3d 239, 242 (5th Cir. 2019) (courts must consider pro se evidence).

B. FHA/ADA Claims Are Plausible

    1. FHA Hostile Environment: Deliberate neglect of hazards violates § 3604(f). "See Honce v. Vigil", 1 F.3d 1085, 1090 (10th Cir. 1993).

    2. ADA Public Accommodation: Common areas in multi-unit buildings are covered. "See Indep. Hous. Servs. v. Fillmore Ctr.", 840 F. Supp. 1328, 1344 (N.D. Cal. 1993).

3. Retaliation: Eviction within days of insurance claims establishes causation. "See Walker v. City of Lakewood", 272 F.3d at 1128.

C. "Vexatious-Litigant Sanctions Are Unwarranted"

1. Pre-filing injunctions require "egregious misconduct." "Mendoza v. Lynaugh", 989 F.2d 191, 195–97 (5th Cir. 1993).

2. Plaintiff's filings relate to legitimate civil rights issues. "See In re McDonald", 489 U.S. 180, 184 (1989) (courts must distinguish meritless claims from unpopular ones).

## CONCLUSION

The R&R disregards Plaintiff's factual allegations, misapplies pleading standards, and proposes unconstitutional sanctions. The District Court must reject it to preserve Plaintiff's rights under the FHA, ADA, and Due Process Clause.

Respectfully submitted,

_____     Date: 06/05/2025

MATTHEW ANDREW GARCES, *Pro Se*

814 BURNET STREET, APT 3,
SAN ANTONIO, TEXAS 78202
P: (210)966-3554
F: (210)369-9363
E: DRUMMAJORMAC@GMAIL.COM