Case 5:25-cv-00441-JKP   Document 32   Filed 07/23/25   Page 1 of 8

**FILED**
July 23, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____MGR_____
DEPUTY

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Matthew Andrew Garces,
*Plaintiff-Appellant,*
*Pro Se Litigant*

v.

Andy Rossbach, Rossbach Construction, 523 RE LLC,
*Defendants-Appellees*.

### Case No.: 25-50531

(Appeal from 5:25-CV-00441-JKP-HJB, W.D. Tex.)

## EMERGENCY MOTION TO STAY WRIT OF POSSESSION AND EVICTION PENDING APPEAL

Comes now Matthew Andrew Garces, Plaintiff-Appellant ("Tenant"), *pro se*, and urgently moves this Court for an emergency stay of the Writ of Possession and Eviction issued by the Bexar County Justice of the Peace Precinct 4 Court. Tenant faces imminent, irreparable harm from eviction due to: (1) catastrophic disruption of critical spinal surgeries; (2) loss of ADA/FHA-mandated accessible housing; and (3) violation of due process rights. This Motion satisfies all four factors under *Nken v. Holder,* 556 U.S. 418 (2009), and is supported by federal law (FHA, ADA), Texas property law, and the Declaration attached hereto.

## I. INTRODUCTION & URGENT RELIEF REQUESTED

Tenant is a disabled registered nurse with documented spinal injuries requiring **two staged surgeries** (see Medical Plan, pp. 2-3). Eviction would:

- **Cancel life-altering surgeries** (ORIF hand surgery scheduled within 7-10 days; revision lumbar microdiscectomy);

- **Terminate ADA/FHA accommodations** (accessible housing critical for mobility post-surgery);

- **Cause homelessness during medical crisis**, violating due process (**Fuentes v. Shevin**, 407 U.S. 67 (1972)).

**REQUEST:** Immediate Stay of Eviction pending appeal under Fed. R. App. P. 8(a)(1)(A).

## II. FACTUAL & PROCEDURAL BACKGROUND

A. **Critical New Facts**

   1. **Medical Emergency**:

      - **Unstable Cervical Spine**: C1-C2 ligament injury with "increased signal" risking spinal cord injury (Medical Plan p. 3).

      - **Acute Hand Fracture**: 4th metacarpal displacement worsened by CPR (06/17/2025); ORIF required within 3 weeks to avoid malunion.

- **Lumbar Nerve Compression**: 9x13mm disc extrusion compressing S1 nerve, causing radiculopathy and foot dysfunction.
- **Surgical Sequence Disruption**: Eviction cancels Phase 2 surgical timeline (ORIF → Lumbar → Cervical → Foot), causing permanent disability.

2. **Retaliatory Timeline**:
   - 04/05/2025: Tenant's slip-and-fall due to unrepaired flooring (Ex. B).
   - 04/19/2025: Tenant files renters insurance claim (Lemonade # LP1173C3C81).
   - **04/21/2025: Landlord issues 7-day eviction notice** (Ex. C) – **2 days post-claim**.

**B. District Court Proceedings**
   - **04/22/2025**: Tenant files federal suit (FHA/ADA/retaliation claims).
   - **04/22/2025**: Tenant files TRO (denied without hearing).
   - **Eviction Scheduled**: July 27, 2025 – Tenant faces removal by U.S. Marshals.

### III. LEGAL STANDARD FOR STAY PENDING APPEAL

A stay is warranted if:

1. **Likelihood of Success on Merits**;

2. **Irreparable Harm without Stay**;

3. **No Substantial Harm to Opposing Party**;

4. **Public Interest Favors Stay**.

*Nken*, 556 U.S. at 426.

## IV. ARGUMENT

**A. Likelihood of Success on Merits**

1. **FHA/ADA Violations (42 U.S.C. § 3604(f)(3)(B); 42 U.S.C. § 12182)**:

    - Landlord refused reasonable accommodations for mobility disability (uneven floors, broken windows) despite inspection report (Lonestar, 10/03/2024).

    - **Key Authority**: *Groome Res. Ltd. v. Parish of Jefferson*, 234 F.3d 192 (5th Cir. 2000) (failure to accommodate violates FHA).

    - ADA applies to common areas of multi-unit housing. *See PGA Tour, Inc. v. Martin*, 532 U.S. 661 (2001).

2. **Retaliation (Tex. Prop. Code § 92.331; 24 C.F.R. § 100.400(c))**:

    - Eviction notice issued **2 days after** insurance claim, creating presumption of retaliation.

- **Key Authority**: *Texas Dept. of Hous. v. Inclusive Cmtys. Proj.*, 576 U.S. 519 (2015) (retaliation actionable under FHA).

3. **Breach of Warranty of Habitability**:

    - 50+ safety violations (mold, structural defects) render unit uninhabitable.

    - **Key Authority**: *Kamath v. Volvo Trucks N. Am.*, 867 F.3d 595 (5th Cir. 2017) (breach where defects threaten safety).

B. **Irreparable Harm**

  1. **Medical Catastrophe**:

     - Eviction disrupts surgical schedule, causing:

     - Malunion of hand fracture (permanent disability);

     - Permanent nerve damage from untreated S1 compression;

     - Spinal cord injury risk from unstable C1-C2 ligaments.

     - **Key Authority**: *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985) (denial of housing to disabled is irreparable harm).

  2. **Loss of ADA/FHA-Mandated Housing**:

     - Unit is ADA-adapted for post-surgery recovery. Homelessness would force Tenant into non-compliant housing.

- **Key Authority**: *Wisconsin Cmty. Servs. v. City of Milwaukee*, 465 F.3d 737 (7th Cir. 2006) (eviction defeating ADA accommodations is irreparable).

3. **Inability to Prosecute Appeal**:

- Homelessness would cripple litigation efforts. *Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999) (eviction moots appeal).

## C. No Substantial Harm to Landlord

- Landlord suffers only financial harm (past-due rent), compensable by damages. *See In re First S. Sav. Ass'n*, 820 F.2d 700 (5th Cir. 1987).

## D. Public Interest Favors Stay

1. Upholding civil rights statutes (FHA/ADA);
2. Preventing homelessness of disabled persons;
3. Preserving judicial integrity. *See Rucker v. Davis*, 237 F.3d 1113 (9th Cir. 2001) (enjoining eviction of disabled tenant).

## V. CONCLUSION

Tenant faces annihilation of constitutional and statutory rights without a stay. Immediate relief is required to prevent irreversible medical harm, homelessness,

and violation of federal disability law. Tenant respectfully requests:

1. **Emergency Stay of Eviction** pending appeal;

2. **Expedited Hearing** on this Motion.

## VI. VERIFICATION

**I, Matthew Andrew Garces**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing facts and arguments are true and correct to the best of my knowledge, information, and belief.

**DATE**: July 23, 2025.

Respectfully submitted,

**/s/ Matthew Andrew Garces**
Matthew Andrew Garces, RN, CEO, *Pro Se Plaintiff-Appellant*

814 Burnet Street, Apt #3

San Antonio, TX 78202

Phone: (210) 966-3554

Email: drummajormac@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this July 23, 2025, a true and correct copy of the foregoing **EMERGENCY MOTION TO STAY WRIT OF POSSESSION AND EVICTION PENDING APPEAL** was served electronically via the Court's CM/ECF system via electronic submission for pro se filers' dropbox upon all counsel of record and email to rossbachconstruction@gmail.com.

**/s/ Matthew Andrew Garces**
Matthew Andrew Garces, RN, CEO, *Pro Se Plaintiff-Appellant*

## ATTACHMENT: DECLARATION OF MATTHEW ANDREW GARCES

**I, Matthew Andrew Garces**, declare under penalty of perjury:

1. I require four staged surgeries (ORIF hand, lumbar microdiscectomy, cervical repair, foot cheilectomy).

2. Eviction will terminate my housing ADA accommodations, making post-surgery recovery impossible.

3. I have been unable to establish new medical care due to eviction threat.

4. My April 2025 rent delay resulted from injury-related financial strain.

5. I will suffer irreversible harm if evicted during surgical sequence.

**Date**: July 23, 2025.

**/s/ Matthew Andrew Garces**
Matthew Andrew Garces, RN, CEO, *Pro Se Plaintiff-Appellant*