IN THE JUSTICE OF THE PEACE COURT
PRECINCT 4, BEXAR COUNTY, TEXAS

MATTHEW ANDREW GARCES,
*Defendant*,

vs.

523 RE GROUP LLC, BY AND THROUGH ITS AGENT ANDY ROSSBACH,
*Plaintiff*.

CAUSE NO.: 41E2502691

NOTICE OF PENDING FEDERAL APPEAL AND EMERGENCY MOTION TO STAY STATE COURT PROCEEDINGS PENDING FEDERAL LITIGATION

TO THE HONORABLE JUDGE OF SAID COURT AND ALL PARTIES:

COMES NOW, MATTHEW ANDREW GARCES, Defendant/Appellant herein, *Pro Se*, and files this NOTICE OF PENDING FEDERAL APPEAL AND EMERGENCY MOTION TO STAY STATE COURT PROCEEDINGS, pursuant to the Younger Abstention Doctrine exceptions, the Colorado River Doctrine, inherent authority of courts to prevent irreparable harm, 28 U.S.C. § 2283 (Anti-Injunction Act exceptions), Texas Property Code § 92.334, the Supremacy Clause of the U.S. Constitution (Art. VI, Cl. 2), and controlling federal and state precedent. Defendant respectfully notifies this Court of a pending federal action directly implicating the validity of the underlying eviction proceeding and moves

for an immediate stay of all state court proceedings, including any writ of possession or eviction, pending resolution of the federal case.

## I. PENDING FEDERAL LITIGATION

1. **Federal Case:** A federal civil action is currently pending before the United States District Court for the Western District of Texas, San Antonio Division, styled:

   * **MATTHEW ANDREW GARCES, Plaintiff, v. ANDY ROSSBACH, ROSSBACH CONSTRUCTION, 523 RE LLC, Defendants.**
   * **Case No.: 5:25-CV-00441-JKP-HJB**

2. **Federal Claims:** The federal lawsuit asserts substantial federal questions and claims under:

   * **The Fair Housing Act (FHA), 42 U.S.C. §§ 3601 et seq., specifically 42 U.S.C. § 3604(f):** Alleging discrimination based on disability, failure to make reasonable accommodations (repairing uneven flooring constituting a hazard due to Plaintiff's mobility impairment), and creation of a hostile housing environment through deliberate neglect of essential repairs. *See, e.g.,* ***HUD v. Murphy***, 2011 WL 2610415 (HUD ALJ July 1, 2011) (recognizing hostile environment theory under FHA); ***Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project,***

*Inc.*, 576 U.S. 519, 135 S. Ct. 2507 (2015) (discriminatory impact and FHA protections).

* **The Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., specifically 42 U.S.C. § 12182:** Alleging denial of access to, and full enjoyment of, the premises' common areas and facilities due to unrepaired hazards (uneven floors, leaks). *See* **42 U.S.C. § 12182(a);** *Memorial Hosp., Inc. v. Maricopa County*, 415 U.S. 250 (1974) (fundamental right to be free from bodily harm).

* **Retaliation under the FHA, 42 U.S.C. § 3617, and Texas Property Code § 92.331:** Alleging the eviction notice served on April 21, 2025, constitutes unlawful retaliation for exercising federally protected rights, specifically: (i) making numerous good-faith repair requests related to health and safety hazards; (ii) reporting a slip-and-fall injury on April 5, 2025, directly caused by an unrepaired disability-related hazard (uneven flooring); and (iii) filing a renter's insurance claim on April 19, 2025, related to said injury. *See* **24 C.F.R. § 100.400(c)** (presumption of retaliation for adverse action within one year of protected activity); *Smith v. Woodharbor Condominium Ass'n*, 2010 WL 3928704 (N.D. Ill. Oct. 4, 2010) (retaliation for requesting FHA accommodation).

* **Breach of Lease and Warranty of Habitability:** Alleging material breaches of the lease agreement (failure to repair within 14 days as stipulated) and violations of the implied warranty of habitability under Texas law due to conditions rendering the premises unsafe and unfit. *See* **Tex. Prop. Code § 92.052**; *Kamath v. Volvo*

*Trucks N. Am., Inc.*, 867 S.W.2d 600, 604 (Tex. App.—Houston [14th Dist.] 1993, no writ) (defining habitability).

3. **Pending Federal Motions:** Critically, the following emergency motions directly challenging the validity of the eviction underlying this state court proceeding are currently pending before the Federal District Court:

   * **Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction:** Seeking to enjoin Defendants from evicting Plaintiff or interfering with his possession pending resolution of the federal case, primarily on grounds of FHA/ADA violations and retaliation. This motion details the chronology of repair requests, the documented hazards (including the Lonestar Inspection Report identifying **50 deficiencies**, including ADA-violating floor dips and structural safety hazards), the slip-and-fall injury, and the temporal proximity of the eviction notice to protected activity.

   * **Emergency Motion to Stay Writ of Possession and Eviction:** Explicitly seeking federal intervention to stay the state eviction process pending federal adjudication of the federal claims.

4. **Federal Jurisdiction Predominates:** The core issues in this state eviction proceeding—namely, the **legality and motivation** behind the notice to vacate and the underlying habitability conditions—are inextricably intertwined with the

substantial federal claims pending before the District Court. Resolution of the federal FHA, ADA, and retaliation claims will necessarily determine whether the eviction notice is void as retaliatory and discriminatory. *See* ***Colorado River Water Conservation Dist. v. United States***, 424 U.S. 800, 817 (1976) (discussing circumstances where federal courts may stay proceedings due to parallel state litigation, implying converse authority where **federal claims predominate**); ***Morrow v. Washington***, 277 F. App'x 422, 424-25 (5th Cir. 2008) (unpublished) (discussing Colorado River factors).

## II. GROUNDS FOR STAYING STATE PROCEEDINGS

Defendant moves this Honorable Court to stay all proceedings in Cause No. 41E2502691 **immediately**, including any enforcement of a writ of possession, based on the following compelling grounds:

1. **Avoidance of Irreparable Harm:** Eviction during the pendency of the federal action would inflict immediate, severe, and irreparable harm upon Defendant/Appellant:

    * **Homelessness:** Defendant faces imminent homelessness. *See* **Statement of Inability to Afford Payment of Court Costs** (filed July 23, 2025) demonstrating indigency (overdrawn bank account, reliance on SNAP, charity-covered medical insurance).

* **Exacerbation of Disability:** Eviction would forcibly remove Defendant from housing specifically requiring accessibility modifications due to his documented disability (cervical and lumbar issues, mobility impairment). Securing comparable accessible housing is exceptionally difficult and unlikely before eviction. *See Memorial Hosp., Inc. v. Maricopa County*, 415 U.S. 250 (1974); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985) (fundamental right to housing for disabled).

* **Disruption of Medical Care:** Eviction would severely disrupt ongoing critical medical treatment (including pending revision back surgery) and access to established healthcare providers.

* **Mootness of Federal Claims:** Eviction would render key claims for injunctive relief (possession, repairs) in the federal action moot, depriving Defendant of any meaningful remedy for the alleged federal violations. *See De Leon v. Marcos*, 659 F. Supp. 2d 827, 838 (W.D. Tex. 2009) (eviction pending FHA claim risks irreparable harm and mooting claims).

2. **Younger Abstention Exceptions:** While federal courts generally abstain from interfering with ongoing state proceedings (*Younger v. Harris*, 401 U.S. 37 (1971)), exceptions exist where:

* **Bad Faith or Harassment:** The state proceeding is motivated by a desire to harass or is conducted in bad faith. The evidence overwhelmingly demonstrates

bad faith and harassment: the pattern of ignoring repair requests (documented by texts and inspection reports), refusal to address known disability hazards, and the issuance of an eviction notice **within 2 days** of Plaintiff reporting a disability-related injury and filing an insurance claim, strongly suggests the eviction is retaliatory and intended to punish Defendant for asserting his rights. See ***Perez v. Ledesma***, 401 U.S. 82, 85 (1971) (Younger exception for bad faith); ***Kugler v. Helfant***, 421 U.S. 117, 124-25 (1975) (exception for harassment).

* **Patently Unconstitutional Statute:** While not the primary argument here, the use of state eviction proceedings to effectuate retaliation for exercising federal rights (FHA/ADA) raises serious constitutional concerns under the Supremacy Clause and Due Process Clause.

3. **Anti-Injunction Act Exception:** 28 U.S.C. § 2283 generally prohibits federal courts from enjoining state court proceedings. However, an express exception exists where such an injunction is "necessary... to protect or effectuate [the federal court's] judgments." Here, allowing the state eviction to proceed would destroy the subject matter of the federal lawsuit (Plaintiff's tenancy and right to possess the premises free from discrimination and retaliation) and prevent the federal court from granting effective relief. A state court stay preserves the status quo necessary for the federal court to adjudicate the federal claims. See ***Mitchum v. Foster***, 407 U.S. 225, 243 (1972) (Anti-Injunction Act does not bar injunctions necessary to

protect federal court jurisdiction or judgments); **Vendo Co. v. Lektro-Vend Corp.**, 433 U.S. 623, 642 (1977) (Stevens, J., concurring) (discussing "relitigation" exception).

4. **Texas Retaliation Statute Voiding Eviction:** Texas law explicitly provides that a landlord may not retaliate against a tenant for, among other things, "in good faith requesting repairs" or "complaining to a governmental entity." **Tex. Prop. Code § 92.331(a)(2), (3).** If a landlord retaliates against a tenant under this section, the tenant has a defense to an eviction action, **and** "a retaliatory act by the landlord... voids the lease contract." **Tex. Prop. Code § 92.334(a).** The pending federal action directly alleges such retaliation as a core claim, providing a statutory basis under **Texas law** to void the lease and the eviction proceeding itself. Resolution of this federal claim (which incorporates the state retaliation defense) is essential to determining the validity of this state proceeding.

5. **Comity and Judicial Economy:** Staying this proceeding avoids inconsistent rulings between the state and federal courts on the intertwined issues of retaliation, discrimination, and habitability. It promotes judicial economy by allowing the federal court, which has broader jurisdiction over the federal claims central to the dispute, to resolve the core issues first. *See* **Colorado River**, 424 U.S. at 817-19 (listing factors including avoiding piecemeal litigation, order in which jurisdiction

was obtained, presence of federal law issues). The federal action was initiated **BEFORE** the eviction notice was even served, and the federal court is actively considering emergency relief.

### III. EMERGENCY REQUEST FOR STAY

Defendant faces imminent, irreparable harm in the form of eviction and homelessness. This harm directly stems from the alleged federal violations and retaliation currently before the Federal District Court. To preserve Defendant rights, maintain the status quo, and allow the Federal District Court to adjudicate the substantial federal questions presented, an immediate stay of **all** proceedings in Cause No. 41E2502691 is imperative.

### IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant MATTHEW ANDREW GARCES respectfully prays that this Honorable Court:

1. **TAKE JUDICIAL NOTICE** of the pending Federal District Court Case No. 5:25-CV-00441-JKP-HJB, including the filed Complaint, Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and Emergency Motion to Stay Writ of Possession and Eviction.

2. **GRANT** this Emergency **Motion to Stay** State Court Proceedings.

3. **ISSUE AN IMMEDIATE ORDER STAYING ALL PROCEEDINGS** in Cause No. 41E2502691, including but not limited to any hearing on possession, issuance of a writ of possession, execution of a writ of possession, or any action to physically evict Defendant from the premises at 814 Burnet Street, Apt #3, San Antonio, Texas 78202, pending the final resolution of Federal District Court Case No. 5:25-CV-00441-JKP-HJB, including any appeals therefrom.

4. **SCHEDULE A STATUS CONFERENCE** within 30 days to review the status of the federal litigation.

5. **GRANT** such other and further relief, both at law and in equity, to which Defendant may be justly entitled.

**CERTIFICATE OF CONFERENCE:** Pursuant to local rules, Defendant, *Pro Se*, has made a good faith effort to contact counsel for Plaintiff regarding the relief requested herein. (**Specify Method & Date - e.g.,** An email was sent for Plaintiff's counsel on July 23, 2025, requesting agreement to the stay). No response was received before filing.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July 2025, a true and correct copy of this **NOTICE OF PENDING FEDERAL APPEAL AND EMERGENCY MOTION TO STAY STATE COURT PROCEEDINGS** was served upon all parties or their counsel of record via: Email to: Plaintiff's Counsel Email at rossbachconstruction@gmail.com.

Respectfully submitted,

**s/ Matthew Andrew Garces**
**MATTHEW ANDREW GARCES, RN, CEO,** *Pro Se*

814 Burnet Street, Apt #3

San Antonio, Texas 78202

Phone: (210) 966-3554

Email: drummajormac@gmail.com