UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MATTHEW ANDREW GARCES,

  *Plaintiff*,

v.                                                               Case No. SA-25-CV-00441-JKP

ANDY ROSSBACH, ROSSBACH
CONSTRUCTION, 523 RE LLC,

  *Defendants*.

# O R D E R

Before the Court is Magistrate Judge Henry J. Bemporad's Report and Recommendation recommending this Court dismiss this action pursuant to 28 U.S.C. § 1915(e) based upon Plaintiff's failure to state a non-frivolous claim upon which relief can be granted. *ECF No. 14*. Plaintiff Matthew Andrew Garces filed objections. *ECF No. 17*. After examination of the record pertinent to the objections and independent analysis of the applicable facts and assessment of the law, the Court **ACCEPTS and ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** this action. **The Court declares Plaintiff Matthew Andrew Garces to be a vexatious litigant**.

## Legal Standard

When a party objects to a Report and Recommendation this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In conducting a *de novo* review, the Court will examine the record pertinent to

the objections and must conduct its own analysis of the applicable facts and make an independent assessment of the law. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). This Court is not required to give any deference to the magistrate judge's findings. *See Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016). The Court will not conduct a *de novo* review pertaining to any objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). The Court will review those portions of the report that are not objected to for determination whether they are clearly erroneous or contrary to law.[1] 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

Consistent with § 636(b)(1) and Federal Rule 72(a), the Court reviews the record pertinent to Garces's objections to Magistrate Judge Bemporad's Report and Recommendation.

**Objections**

Garces objects to the Report and Recommendation stating Magistrate Judge Bemporad relied upon an incorrect fact that defendants did not know of Garces's disability and misapplied the plausibility standard under *Twombly*. Garces also objects to the recommendation that he be designated a vexatious litigant.

---

[1] While Federal Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d at 1221.

**Analysis**

**<u>Substantive Issues</u>**

First, Garces objects to the facts upon which Magistrate Judge Bemporad relied to reach his recommendation. Construing Garces's objection liberally, the Court concludes Garces objects to a specific statement in the Report and Recommendation:

> To prevail in a discrimination case under a reasonable accommodation theory, a plaintiff must establish both that he requested an accommodation in "direct and specific terms" and that the defendant knew of the disability and of its consequential limitations. . . . In his original complaint, [Garces] discussed repairs he wanted Defendants to make, but he did not allege facts showing that that they knew of his purported disability or otherwise failed to make repairs in a discriminatory fashion.

De novo review of Garces's Complaint reveals Magistrate Judge Bemporad's perception of his complaints regarding Defendants' actions upon which the suit rests and the conclusion is accurate. Garces does complain of many problems with the apartment in which he lived; however none of the complaints pertained to accommodation for any disability, and the Complaint does not allege Defendants failure to make the requested repairs was based upon discrimination of Garces's disability. Garces' first objection is overruled.

Upon review of Garces's Complaint and the Report and Recommendation, the Court finds Magistrate Judge Bemporad properly applied the legal standard for review of a litigant's allegations in a Complaint pursuant to 28 U.S.C. § 1915(e). Garces's second objection is overruled.

This Court reviewed *de novo* those portions of the recommendation to Garces objected and reviewed the remaining portions for clear error. Finding no error, the Court will accept the Report and Recommendation.

Magistrate Judge Bemporad provided Garces opportunity to amend his complaint; however, he failed to correct the pleading deficiencies identified. *See ECF Nos.* . Therefore, this Court will not provide Garces another opportunity to file an Amended Complaint.

**<u>Vexatious Litigant Recommendation</u>**

Garces objects to Magistrate Judge Bemporad's recommendation that he be designated a vexatious litigant, naming several deficiencies in his application of the proper legal standard.

Review of the record and Garces's litigation history in this Court reveals the recommendation is correct and Magistrate Judge Bemporad applied the correct legal standard in reaching this conclusion.

Garces has an extensive history of filing numerous vexatious and frivolous lawsuits in the San Antonio Division. A judge in the San Antonio Division issued a cease and desist order against Garces after he "created havoc in the District Clerk's Office." These numerous complaints and other filings and subsequent dismissals have placed a burden on the Court's limited judicial resources. Finally, it is doubtful that alternative sanctions would adequately deter Garces from continuing this harassment.

Having considered these factors, the Court concludes the appropriate sanction is to declare Matthew Andrew Garces as a vexatious litigant and enjoin him from filing any civil lawsuit in the Western District of Texas without first obtaining permission from a judge of the Western District of Texas.

**Conclusion**

Finding no error upon a *de novo* review of those portions of the recommendation to which Garces objected and reviewing the remaining portions for clear error, the

Court **ACCEPTS** the Report and Recommendation of the United States Magistrate Judge. The Court **DISMISSES** this action for Garces's failure to state a claim upon which relief can be granted.

**FURTHER,** it is **ORDERED** that Matthew Andrew Garces is **ENJOINED** from filing a civil suit in the Western District of Texas unless he first obtains permission to file such a suit from a judge of this court.

The Clerk of Court is **DIRECTED TO CLOSE THE CASE** and **ENTER FINAL JUDGMENT**.

It is so ORDERED.
SIGNED this 4th day of September, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE